## PERRY-MATTHEWS-BUSKIRK STONE COMPANY *v.* SPEER.

[No. 5,059.   Filed June 28, 1905.]

1. APPEAL AND ERROR.—*Several Assignments.—Joint Exceptions.* —Where the demurrer to a complaint in four paragraphs questions the sufficiency of each paragraph and a joint exception is taken to the overruling of such demurrer, a several assignment on appeal should present the question of the sufficiency of each paragraph of such complaint. *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689; *Noonan* v. *Bell* (1902), 159 Ind. 329, *contra*.   p. 81.

2. SAME.—*Erroneous Ruling.—Precedent.—Appellate Court.— Transfer.*—When the Appellate Court concludes that a ruling precedent of the Supreme Court is erroneous, it will transfer the cause accompanied by the reasons for its conclusion to the Supreme Court with a recommendation that such ruling precedent be overruled.   p. 82.

From Monroe Circuit Court; *Ira C. Batman,* Special Judge.

Action by George W. Speer as administrator of the estate of Frank Teague, deceased, against the Perry-Matthews-Buskirk Stone Company.   From a judgment for plaintiff on a verdict for $4,500, defendant appeals.   (On transfer to Supreme Court, dismissed by agreement.)   *Cause transferred to Supreme Court.*

*E. C. Field, J. E. Henley, H. R. Kurrie* and *H. A. Hickman,* for appellant.

*East & East* and *McHenry Owen,* for appellee.

ROBY, J.—The complaint is in four paragraphs.   The defendant demurred to each of said paragraphs.   These demurrers were overruled, and a joint exception reserved.   The assignment of error challenges the action of the court in overruling the separate demurrer to each paragraph of the complaint.

In *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 63 L. R. A. 460, and in *Noonan* v. *Bell* (1902), 159 Ind. 329, such exception is held to be in gross, and to present no question on appeal. We are of the opinion that the single ruling of the court held that each of the paragraphs of the complaint was sufficient, and that the character of the exception to such ruling must be determined from the character of the demurrer and the ruling thereon. The demurrer was addressed to each paragraph; the ruling was of necessity a ruling upon the separate demurrer to each paragraph. Therefore the exception must necessarily be distributed to the ruling on the demurrer as to each paragraph, and be sufficient, under a separate assignment, to require an appellate tribunal to pass on the sufficiency of each paragraph.

2. The cases above cited being in conflict with this view, this case is transferred to the Supreme Court, with the recommendation that such cases be overruled.